UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

     *Plaintiff,*

     v.                            Case 1:23-CR-132-GMH

DANIEL BIBONGE AMSINI,

     *Defendant.*

_____

**DEFENDANT DANIEL BIBONGE AMSINI'S
SENTENCING MEMORANDUM**

1. Plaintiff Daniel Bibonge Amsini, ("Amsini"), by and through his undersigned counsel,

   hereby submits to the Court his Sentencing Memorandum.  **Defendant respectfully**

   **requests a sentence of one (1) year probation, no fine, and no restitution.**  Amsini is a

   hardworking, college-educated citizen and a first-time offender. Probation is the

   presumed sentence for a first-time misdemeanant.[1]

2. Amsini pled guilty to one count of theft under 18 U.S.C. § 641. A conviction under this

   offense "shall be fined or imprisoned not more than years; or both." 18 U.S.C. § 641.

   However, if the value of such property does not exceed the sum of $1,000, the defendant

---

[1] Research shows a "weak relationship between incarceration and crime reduction, and highlights proven
strategies for improving public safety that are more effective and less expensive than
incarceration." The best way to promote public safety and ensure that convicted persons can
lead law-abiding lives is through broad use of non-incarceration sentences, especially since
"incarceration does little to change a person's behavior" and persons sentenced to prison have
 20 18 U.S.C. § 3553(a)(2)(D). Vera Institute of Justice, Overview of The Prison Paradox: More
Incarceration Will Not Make Us Safer (July 2017), https://www.vera.org/publications/for-the-
record-prison-paradox-incarceration-not-safer

shall be fined under this title or imprisoned not more than one year, or both. The

presentencing report states that the replacement cost for the item that Amsini allegedly

took from the Capitol is only $249.00. Amsini has no prior criminal history. The

Government has agreed to a two-level reduction for acceptance of responsibility. Amsini

has pled guilty and has fully complied with law enforcement, the prosecution, and the

orders of this court. Under the United States Sentencing Guidelines, an offense level 4,

with 0 criminal history points equates to a sentence of 0-6 months of imprisonment. As

this was a non-violent offense, for petty theft, the Defendant should be sentenced to no

more than one-year of probation.

## INTRODUCTION AND OVERVIEW

1.    Defendant Amsini is almost certainly among the least culpable of all Jan. 6 defendants

who have been prosecuted for entering the U.S. Capitol on Jan. 6, 2021. Defendant

Amsini was charged with one count of Theft of Government Property, in violation of 18

U.S.C. §641. The defendant's estimated sentencing guidelines range is 0 to 6 months,

imprisonment, and a fine range of $500 to $9,500 which the Defendant may request to

be waived. Amsini has zero criminal history. Amsini has worked nearly his entire adult

life. He worked his way through college to get a bachelor's degree. Amsini wants to put

this behind him and continue studying to complete a property and casualty insurance

certification. Further, he plans to study and sit for the Certified Public Accounting

Exam. After the day of the events, Amsini has not made any posts on social media,

appeared on any podcasts, or participated in any other public spaces supporting the

events that occurred on January 6, 2021.

## I.      SENTENCING REQUESTED BY DEFENDANT

Defendant Amsini requests as the Court's resolution of this matter as follows:

1) **A sentence of one (1) year probation, no fine, and no restitution.** Amsini has been supervised by the District of Columbia Pretrial Services Agency for 10 months.

2) Amsini has taken responsibility for his conduct. Amsini has fully complied with the investigation of this matter. Amsini has complied with all conditions of his release over the past year.

3) Amsini has no prior record of criminal history. To date, Amsini has never committed a violent offense.

4) Amsini works hard but still barely has enough income to survive, living on $3,500 a month.

## II.     SENTENCING RECOMMENDED BY PRESENTENCE INVESTIGATION REPORT

As stated in the Presentence Report, Amsini demonstrated acceptance of responsibility for the offense. Following the United States Sentencing Guidelines, the total offense level for Amsini is 2. Amsini is a zero-point offender with no criminal history. The recommended sentence for Amsini is 0-6 months of imprisonment.

## III.    THE COURT SHOULD DEPART FROM ANY INCARCERATION

Judges may exercise great discretion when applying the Sentencing Guideline recommendations. However, the Guideline for Amsini found appropriate 0 months of imprisonment.

The economic reality of the situation should authorize this court to refrain from imposing any incarceration time. Amsini only took one item, which was valued at a mere $249. The damage to the US Capitol resulted in more than $2.8 million dollars for repairs. The section that Amsini is being sentenced under, 2b1.1 is also used to determine sentences for **serious** economic crimes such as wire fraud, mail fraud, and securities fraud. These crimes are strikingly different from taking a ventilation hood during a riot.

The Guidelines' Commentary allows for the amount of loss to be considered in relation to determining the offense level. "Loss serves as a measure of the seriousness of the offense and the defendant's relative culpability and is a principal factor in determining the offense level under this guideline." *See* U.S. Sentencing Guidelines Manual § 2B1.1 cmt.n. (19)(B) (2006). The amount of damage that Amsini contributed to the US Capitol cannot even be equated to one-one thousandth of the entirety.

Loss is represented by actual loss as well as intended loss. Intended loss is the "pecuniary harm that was intended to result from the offense." *See* U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n. (3)(A)(ii) (2006). Amsini never had the specific intent to cause pecuniary harm by taking a ventilation hood. He gained no economic benefit from doing this. This is not a traditional theft case, where one deprives another of their property for their own financial gain. Here, Amsini never intended to cause pecuniary harm to any individual. He did not steal diamonds, gold, or valuable artifacts which could be resold at high value. To be clear and put into perspective, he took a ventilation hood.

The United States Sentencing Commission deliberately chose, except in the least serious cases of these white-collar crimes (level '6' or less), to require some minimum

form of confinement of one to six months--either intermittent confinement, community

confinement, or imprisonment. *See* Stephen Breyer, The Federal Sentencing Guidelines

and the Key Compromises Upon Which They Rest, 17 Hofstra L. Rev. 1, 22 (1998).

Amsini's base level offense without any adjustments was 6, the least serious. As the

Sentencing Commission only required prison time for crimes above a level 6, it is within

this Court's authority to sentence Amsini to probation, without any incarceration time.

This would coincide with the Sentencing Commission's intent.

IV.     **CONCLUSION**

Amsini respectfully requests this court to impose a sentence of one-year probation

and 0 months of prison time. The Sentencing Guidelines recommended a 0–6-month

prison sentence. Amsini reminds this Court that sentencing guideline recommending 0

months, he has no prior criminal record, and that he had no intent to personally cause

anybody financial harm.

Respectfully Submitted,

*/s/ John Pierce*
JOHN M. PIERCE
John Pierce Law P.C.
21550 Oxnard Street, 3rd Floor, PMB 172
Woodland Hills, CA 91367
(213) 279-7864
jpierce@johnpiercelaw.com
*Attorney for Defendant*
